2002 OK JUD ETH 8

## JUDICIAL ETHICS OPINION 2002–8.

### No. 2002–8.

Oklahoma Judicial Ethics Advisory Panel.

Aug. 2, 2002.

QUESTION: May a judge attend a joint Federal–State Product Litigation Coordination Conference to discuss administrative issues associated with over 200 cases filed in 60 different federal jurisdictions as against the same defendant, one of whom is assigned to the judge making the request for this opinion? The cost of the judge is to be reimbursed by the plaintiffs and defendants in the federal case. The judge has obtained the consent to attend by all parties in the case assigned him.

WE ANSWER: YES.

**Canon 2: "A Judge Should Avoid Impropriety and the Appearance of Impropriety in all of the Judge's Activities**

A. A judge should respect and comply with the law and act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."

**Canon 3B: "Adjudicative Responsibilities** . . .

(6) ". . . A judge should not initiate nor consider ex parte communications, or consider other communications made to the judge outside the presence of the parties concerning a pending or impending proceeding except that:

(a) Where circumstances require, ex parte communications for scheduling, administrative purposes or emergencies that do not deal with substantive matters or issues on the merits are authorized; provided that the judge reasonably believes that no party will gain a procedural or tactical advantage as a result of the ex parte communication.

(b) . . .

(c) A judge may consult with court personnel whose function is to aid the judge in carrying out the judge's adjudicative responsibilities or with other judges.

**Canon 3C: Managerial Responsibilities.**

(1) A judge should diligently discharge the judge's managerial responsibilities, without bias or prejudice and maintain professional competence in judicial administration, and should cooperate with other judges and court officials in the administration of court business.

## DISCUSSION

The purpose of the conference as we understand it, is to bring together a great number of judges, both state and federal, before whom cases are pending, involving products liability of the same product, to meet and discuss common issues and attempt to arrive at common procedures and schedules.

The judge having asked for and received the consent of all parties in his case; and the great benefit likely to be derived by all litigants in the various cases by coordination of scheduling such matters as discovery, hearing dates and trial dates, together with the assistance this will give the courts in the orderly administration of justice, complies with all of the dictates of those portions of Canons 2 and 3 set out above.

/s/ Robert L. Bailey, Chairman

/s/ Robert D. Simms, Vice Chairman

/s/ Milton C. Craig, Secretary